# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 4:94-cr-00044-MR-10

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| FREDERICK M. DURHAM, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's letter [Doc. 702], which the Court construes as a motion for computation of sentence credit.

The Defendant was found guilty by a jury of one count of conspiracy to possess with intent to distribute cocaine and cocaine base (Count 1) and two counts of possessing a firearm after having been convicted of a felony (Counts 28, 35). [Doc. 150]. In 1996, the Defendant was sentenced by this Court[1] to a term of 420 months' imprisonment on Count 1 and 10 years on each Count 28 and Count 35, with "all such terms to be served concurrently." [Id. at 2]. The sentencing judge did not indicate, either in the Judgment or at

---

[1] The Defendant was sentenced by the Honorable Lacy H. Thornburg. Upon Judge Thornburg's retirement in 2009, this case was reassigned to the undersigned.

the sentencing hearing, whether this sentence was intended to run concurrently or consecutively with any subsequently imposed state sentence. [See Docs. 150, 701]. By the present motion, the Defendant requests that the Court give him sentencing credit for the 20 years he spent in Georgia state prison on a subsequent state conviction. [Doc. 702].

The Attorney General, not the sentencing court, is responsible for computing a prisoner's credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisoners. Only after such administrative remedies have been exhausted can a prisoner then seek judicial review of his sentence computation. Id. Further, because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should address his inquiry regarding the status of his sentence to the Bureau of Prisons. Once his BOP administrative

remedies have been exhausted, the Defendant may seek judicial review in the district of his confinement.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 702], which the Court construes as a motion for computation of sentence credit, is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: February 4, 2019

Martin Reidinger
United States District Judge